THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EUGENE H. MILLER, Defendant-Appellant.

(No. 58008;

First District (1st Division)—April 7, 1975.

James J. Doherty, Public Defender, of Chicago (James N. Gramenos, Assistant Public Defender, and Richard Hannigan, Law Student, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Perry L. Fuller, Dennis J. Horan, and Joseph S. King, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE EGAN delivered the opinion of the court:

In May, 1972, Eugene H. Miller was found guilty by a jury of the crime of armed robbery committed in September, 1967, and sentenced to a term of 3 to 6 years.

John A. Gutgsell, Jr., an attorney and real estate broker, testified that on September 29, 1967, at approximately 3:30 P.M., he was in his office at 1212 West 63rd Street in Chicago when a man named Pearson entered and asked if there were any apartments for rent. When the man turned to go out the door, two other men entered the office. A man he later identified to the police as "Miller" produced a gun and demanded money. The men took Gutgsell's wristwatch and approximately $60. As the men started to leave, "Miller" turned, pointed the gun at Gutgsell and pulled the trigger, but the gun misfired. After the men left, Gutgsell saw a police car on the street and told the officers that he had been robbed. Later the same day at the Englewood Police Station, Gutgsell viewed a lineup of five men. He identified three of the men in the lineup as the men who had robbed him. While at the police station he recovered his watch and $60 which had been taken in the robbery. At the trial, Gutgsell was unable to positively identify the defendant as one of the men who had robbed him nor could he identify a photograph of the defendant.

Chicago police officers James Kostecki and Charles Rosenkranz testified that on September 29, 1967, at approximately 3:45 P.M., they responded to a call and proceeded to 1212 West 63rd Street, Chicago, Illinois. As they approached that location, they observed three men running westbound on 63rd Street. Gutgsell informed the officers that he had just been robbed, and Kostecki chased the offenders on foot while Rosenkranz proceeded in a squad car. Kostecki lost sight of the men as they jumped over a fence at 6148 South Elizabeth. After Rosenkranz arrived in the squad car, both officers began a search of the area. They found Larry Pearson, Scott Taylor and the defendant hiding under a back porch at 6148 South Elizabeth. The officers recovered two guns under the porch where the men were found. Recovered from the squadrol which transported the three men to the 7th District Police Station was a man's wristwatch which was subsequently identified by Gutgsell as the one taken from him in the robbery. A search of each of the men revealed money in various amounts totaling $60.83.

A lineup was held the same day at the 7th District Police Station. At

the lineup Gutgsell identified the defendant, Larry Pearson, and Scott Taylor as the three men who robbed him.

On January 17, 1968, the defendant failed to appear in court and a. warrant was issued for his arrest. His next appearance in court was July 16, 1971.

Michael Gaffeney, also known as Scott Taylor, testified for the defense that on September 29, 1967, he, Larry Pearson, and a young man whose name he did not recall robbed Gutgsell's real estate office. Gaffeney stated that he had entered a plea of guilty to that charge and was presently serving the sentence imposed. He testified that after robbing Gutgsell's office he was running down the street when he met the defendant, who asked where he was going. Gaffeney told the defendant the police were after him. The defendant ran down the street with Gaffeney and was subsequently apprehended with him hiding underneath a porch. Gaffeney testified that the defendant did not have any part in the robbery of Gutgsell.

The defendant admitted that he jumped bond and went to New Orleans, Louisiana, where he remained for 3½ years. He voluntarily surrendered to the New Orleans Police Department, was returned to Chicago, and entered a plea of guilty to. the charge of bail jumping. He testified that on September 29, 1967, he saw Michael Gaffeney running down the street. Gaffeney said that the police were after him. Upon hearing police cars, he ran with Gaffeney and was subsequently apprehended hiding underneath a porch. He denied that he had any part in the robbery.

The defendant's only argument is that the court erred in allowing Officer Rosenkranz to testify that the complaining witness had identified the defendant at an out of court lineup when the complaining witness was unable to identify the defendant at trial.

. Gutgsell, the complainant, testified as follows:

"Q. And did you later learn the man who pulled the gun and demanded money?

A. Yes, I did.

Q. What is his name?

A. His name is Miller.

Q. The third man, other than Pearson and Miller, did you later learn his name?

A. Yes, I did.

Q. And what is that name?

A. Taylor.

* * *

Q. While you were there, sir, did you have an occasion to view a line-up?

A. I did.

Q. And approximately, if you can recall, how many men were in this line-up?

A. As I recall, there were five people.

Q. And do you remember whether or not you identified any of these five people?

A. I identified three of them.

Q. And do you now know the names?

A. Yes, I do.

Q. What are their names?

A. They're Pearson, Taylor and Miller.

Q. Where was it that you learned the names of the three men whom you identified?

A. At the Englewood Police District.

Q. Mr. Gutgsell, can you today identify any of the three men who robbed you of currency and your watch on the 29th day of September, 1967?

A. I would sincerely doubt it, that I could make any kind of positive identification.

Q. On the 29th day of September, did you make a positive identification?

A. I did.

\* \* \*

Q. For the record, Mr. Gutgsell, were the three men you identified in the line-up the same three men who were in your office and robbed you on the 29th of September?

A. Yes, they were."

Later, the following occurred during the direct examination of Officer Rosenkranz:

"Q. And to your knowledge, did Mr. Gutgsell have an opportunity to make an identification of any persons at the 7th District?

Defense Attorney: I would have to object to that.

The Court: He may answer yes or no.

The Witness: Yes.

State's Attorney: Q. Officer Rosenkranz, do you know the names of the persons who Mr. Gutgsell identified at the 7th District on September 29, 1967?

The Witness: A. Yes, sir.

Q. What are the names of those persons?

A. Eugene Miller, Larry Pearson and Scott Taylor.

Q. Are these the same three persons that you placed under arrest at 6148 South Elizabeth?

A. Yes, they are.

&ast; &ast; &ast;

Q. Do you see that man, Officer, that Eugene Miller and Mr. Gutgsell identified, in court today?

The Witness: A. I do.

Q. Would you point him out, please?

A. The gentleman right there.

Q. Let the record indicate he identified the defendant, Eugene Miller."

■■■ The defendant's argument must be rejected for a number of reasons. First, in view of the testimony of the complainant, to which no objection was made, we see nothing objectionable in the officer's testimony. The jury heard that the complainant saw, recognized and identified the three men who had robbed him at the police station. That being so, the police officer had the right to testify that the defendant was one of the three men. Second, no objection was made to the testimony of the officer that the complainant identified the defendant. When the defense objected to the question of whether "Mr. Gutgsell [had] an opportunity to make an identification," the trial judge, who had already heard Gutgsell's testimony, pointedly restricted the answer to "yes" or "no." There was no error in his ruling. But he was never asked to rule on any other questions touching on the identification at the police station. We believe, therefore, that any available objection has been waived. (*People v. Zemola*, 9 Ill.App.3d 424, 292 N.E.2d 195.) Last, if there were any error in the testimony of the officer and it had been preserved for review, it was harmless. The jury had heard the complainant's testimony that he had identified three men, one named Miller. (No error is assigned here concerning that testimony.) The defendant was arrested within minutes of the crime after running and hiding from the police with a confessed participant. Guns and stolen merchandise were recovered in close proximity to the defendant and his companions. The defendant fled the jurisdiction and remained away for 3½ years. These facts alone provide a strong circumstantial case for the prosecution; and the testimony of the defendant and his codefendant, who could not remember the name of the third man, are, to say the least, unpersuasive.

The defendant was proved guilty beyond a reasonable doubt in a trial free from prejudicial error. The judgment, therefore, is affirmed.

Judgment affirmed.

BURKE, P. J., and GOLDBERG, J., concur.